IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHLEY OSBORN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-4548-N-BN |
| | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Motion to Dismiss filed by Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 16] should be granted and that Plaintiff Ashley Osborn's complaint should be dismissed with prejudice as barred by limitations.

**Background**

On December 30, 2014, the Court docketed Plaintiff's *pro se* complaint dated December 25, 2014. *See* Dkt. No. 1. The next day, she was granted leave to proceed *in forma pauperis*, *see* Dkt. No. 6, but her motion to appoint counsel [Dkt. No. 3] was denied, *see* Dkt. No. 7. The Court also issued a questionnaire [Dkt. No. 8], to which

Plaintiff filed a timely response, *see* Dkt. No. 9. On January 20, 2015, the Court ordered Plaintiff's complaint served pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See* Dkt. No. 10.

On March 20, 2015, the Commissioner moved to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for Plaintiff's failure to comply with the applicable statute of limitations. *See* Dkt. No. 16. Plaintiff has responded. *See* Dkt. Nos. 18 & 19.

Through her single-page complaint, Plaintiff states that she received Social Security benefits from 2006 to 2008 but that her benefits were terminated when she was incarcerated for 16 months. *See* Dkt. No. 1. She states that, while she reapplied on her release, she was denied three times. *See id.* She thus filed her complaint in this Court "to get my SSI[, or supplemental security income,] benefits reinstated." *Id.*

In her verified responses to the Court's questionnaire – sent in part to establish whether and, if so, when Plaintiff pursued relief administratively – Plaintiff states that the Appeals Council denied her claim on July 28, 2014. *See* Dkt. No. 9 at 1; *see also id.* at 6 ("Question No. 6: Did you file an appeal from the ALJ's decision with the SSA Appeals Council? Answer: Yes was denied July 28, 2014 ...."); *id.* at 8 ("Question No. 8: State the date on which the Appeals Council affirmed the ALJ's decision or denied your appeal. Answer: July 28, 2014 Appeals Council Denied Me. Don't have a copy of the decision due to incarceration ....").

Plaintiff attaches to her responses a copy of a letter that she received from Garner & Arnic, LLP, dated September 8, 2014, explaining, as relevant to the issue now before the Court:

> Recently, we received the notice of decision from the Office of Disability Adjudication and Review (Appeals Council) on Ashley Osborn's case. The decision was unfavorable. Therefore, the next step in the appeals process is to file with the U.S. District Court.
>
> Please note that you have sixty (60) days from the date stamped on your denial letter to file an appeal to the U.S. District Court. If you intend on pursuing your claim, you must file your appeal within that 60 day window to avoid any potential statute of limitations problems. After reviewing the decision in your case, we regret that we will not be able to assist you in this matter. Although you can file an appeal on your own, it may be advisable to seek counsel.

Dkt. No. 9 at 14.

Plaintiff also attaches to her responses records that appear to document that she received inpatient medical care from sometime in late November 2014 (on or around November 24 or November 26, 2014) to December 2, 2014, the date of discharge. *See id.* at 15-21. Relatedly, the record in this case shows that Plaintiff has had more than one address since at the least the initiation of this action. *Compare* Dkt. Nos. 1, 9, 18, & 19 (reflecting a return address of 200 Greene Rd., Lancaster, Texas), *with* Dkt. No. 20 (notice of change of address reflecting that on April 27, 2015 Plaintiff was released Phoenix House Treatment Center to the Dallas County Jail). Despite Plaintiff's changes of address or return to incarceration, she has kept the Court updated as to her current address such that nothing the Court has sent to Plaintiff has been returned.

The undersigned now concludes that the Commissioner's motion to dismiss should be granted and that this case should be dismissed with prejudice as barred by limitations.

**Legal Standards**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to

dismiss[,]" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Here, the Commissioner moves to dismiss this action because she asserts that it is barred by the statute of limitations – which is an affirmative defense. *See* FED. R. CIV. P. 8(c)(1). "Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (holding that claim is "subject to dismissal under Rule 12(b)(6) ... when [an] affirmative defense clearly appears on the face of the complaint"). "In other words, the Commissioner is not entitled to dismissal under Rule 12(b)(6) unless [Plaintiff] 'has pleaded herself out of court by admitting to all of the elements of the defense.'" *Cochran v. Astrue*, No. 3:11-cv-1257-D, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (quoting *Sivertson v. Clinton*, Civil Action No. 3:11-cv-836-D, 2011 WL 4100958, at *3 (N.D. Tex. Sept. 14, 2011)) (alteration to original).

Although a court generally cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), the pleadings here include Plaintiff's responses to the Court's interrogatories [Dkt. No. 9],

which "become part of a plaintiff's pleadings," *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996) ("[Q]uestionnaires do not constitute an independent pleading[,]" but are "part of the total filing by the *pro se* applicant." (citations and internal quotation marks omitted))). Pleadings in the Rule 12(b)(6) context also include attachments to the complaint. *See Katrina*, 495 F.3d at 205.

**Analysis**

The Court need not convert the Commissioner's Rule 12(b)(6) motion to dismiss into a Federal Rule of Civil Procedure 56 motion for summary judgment. Although the Commissioner has raised the statute of limitations as an affirmative defense and attached a declaration to support this defense, *see* Dkt. No. 16-1 at 2-4, it is not necessary to look outside the pleadings – to this declaration (or other evidence attached to the motion to the dismiss) – because "[t]he Commissioner's successful affirmative defense" – the elements of which are "the date notice of the [Appeals Council's] decision was mailed to [Plaintiff] and the date [Plaintiff] filed this lawsuit" – "appears clearly on the face of [Plaintiff's] complaint," *Cochran*, 2011 WL 5604024, at *1, in either the complaint as originally filed or in Plaintiff's responses to the Court's interrogatories, *see Talib*, 138 F.3d at 213 (responses to questionnaires issued "[t]o aid in the determination of whether an IFP complaint is frivolous" "become part of the plaintiff's pleadings").

To bring a claim under Section 205(g) of the Social Security Act, Plaintiff must show that she brought her complaint within the 60-day statute of limitations or that

she has equitable grounds for tolling the statute of limitations.

Judicial review of Title XVI Social Security disability claims is limited to actions brought within 60 days after notice of the final decision is mailed. *See* 42 U.S.C. § 405(g). Mailing is defined as the date that the individual receives the Appeals Council's notice of denial. *See* 20 C.F.R. § 404.981. Mailing is presumed to be five days after the date on the notice unless there is a reasonable showing to the contrary made to the Appeals Council. *See id.* §§ 404.901, 416.1401, 422.210(c). Thus, the deadline for filing an action is 65 days from the date of the denial notice. Congress imposed this strict statute of limitations "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The finality of the Commissioner's decision is also emphasized in the federal statute stating that no decision by the Commissioner is reviewable except as provided under Section 205(g). *See* 42 U.S.C. § 405(h).

Plaintiff did not file her complaint within the 60-day statute of limitations. Plaintiff's notice of the Commissioner's final decision – the denial by the Appeals Council – is dated July 28, 2014, and Plaintiff filed her complaint no earlier than December 25, 2014 – 145 days after the presumptive 65-day cutoff of August 2, 2014. Thus, Plaintiff's complaint is untimely. *Cf. Cochran*, 2011 WL 5604024, at *1 (granting Commissioner's Rule 12(b)(6) motion and dismissing *pro se* complaint as barred by the statute of limitations where complaint was filed 10 days after the 65-day period for filing that begins when notice of the Commissioner's final decision is mailed to a Social Security claimant).

Further, Plaintiff has not presented any grounds for tolling the 60-day statute of limitations. Although equitable tolling is available, its application is rare. The Commissioner should decide whether to extend the 60-day statute of limitations in most cases. *Cf. Myer v. Chater*, 99 F.3d 1134, 1996 WL 595595, at *3 n.2 (5th Cir. Sept. 17, 1996) (per curiam) ("[t]he Commissioner's motion to dismiss ... constitute[s] an inferential denial of equitable tolling" (citing *Barrs v. Sullivan*, 906 F.2d 120 (5th Cir. 1990))). And the courts step in to extend the limitations period only where the inequities in favor of tolling are so great that deference to the Social Security Administration is inappropriate. *See Matthews v. Eldridge*, 424 U.S. 319, 330 (1976).

Here, Plaintiff fails to request equitable tolling. The record before the Court, moreover, does not show that the equities favor tolling. For example, despite Plaintiff's multiple changes of address, including for medical treatment and based on her incarceration, Plaintiff has not claimed – and the record does not show – that she has not received her mail. *Cf. Myer*, 1996 WL 595595, at *3 ("Although Myer[, the Social Security claimant,] was a prisoner and apparently without funds, this record strongly suggests that he is no stranger to the courts or to administrative proceedings"; thus, his incarceration did not count in favor of equitable tolling.).

**Recommendation**

The Commissioner's Rule 12(b)(6) motion to dismiss should be granted, and this case should be dismissed with prejudice as barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 12, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE